Mr. Justice Wylie
anounced the decision of the court tO' the following effect:
The question in this case is whether the legislative assembly can impose a fine upon parties coming into the District froih any of the States to sell goods or merchandise by sample, and without having taken out a license. The law imposing the fine is very clear, and its language is not to be mistaken, and we think it is applicable to this case. An argument is, however, presented as to whether the assembly had any right to enact the law, as it is claimed that it has a tendency to interfere with the trade and commerce between the District and the States; but we think it has not that effect, any more than any of the other licenses for which the law provides. A license is not required to be taken out only by persons coming here, but by all persons engaging in the same business, whether residents or non-residents. In this respect there is no discrimination. The local merchants and traders, carrying on this same kind of business, are required to pay for a license to contribute to the support of the government, and if persons from abroad can compete with them without the imposition of this tax, they are placed at a great disadvantage in their business. By subjecting all to the same tax, the rule of equality and fairness is arrived at. We, therefore, are of opinion that as the law imposes no . greater burden upon non-residents or their agents here than it does upon the residents engaged in the same business, it is liable to no constitutional objection. We think the judgment was also right in being for the amount of the license-tax for one year added to the fine imposed by the court.
Judgment affirmed.
Olin, J., dissenting.